UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20021-GAYLES

UNITED STATES OF AMERICA

vs.

ERICK NTEKEREZE PRINCE,

           Defendant.
_____/

**PLEA AGREEMENT**

      The United States Attorney's Office for the Southern District of Florida and the United States Department of Justice, National Security Division (collectively, the "United States") and Erick Ntekereze Prince (hereinafter referred to as the "defendant") enter into the following Plea Agreement (the "Agreement"):

      1.    The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with conspiracy to commit wire fraud and mail fraud in violation of Title 18, United States Code, Section 1349. Count 2 has the following maximum penalties: a period of incarceration of 20 years; supervised release for 3 years; a fine of up to $250,000; a mandatory special assessment of $100; restitution; and forfeiture as charged in the Indictment.

      2.    The United States agrees to dismiss Counts 1, 3, and 4 of the Indictment, as to this defendant only, after sentencing.

      3.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

1

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1, followed by a term of supervised release of up to 3 years, and that the defendant may not withdraw the plea solely as a result of the sentence imposed. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

4.  The defendant further understands and acknowledges that, in addition to any sentence imposed by the Court pursuant to this Agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.  The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the

offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States and the defendant agree that, although not binding on the probation office or the Court, the parties will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

A. Offense Level Calculations

i. Base Level Offense: The base offense level for Count 2 is 7, pursuant to Sentencing Guidelines § 2B1.1(a)(1), because the defendant, by and through this Agreement, was convicted of an offense referenced to § 2B1.1 with offense of conviction that has a statutory maximum term of imprisonment of 20 years or more.

ii. The base offense level for Count 2 is increased by 20 levels, pursuant to the following Sentencing Guidelines sections:

• Loss: 14 levels, pursuant to § 2B1.1(b)(1)(H), because the offense resulted in an estimated loss amount of more than $550,000 but less than $1,500,000;

• Ten or More Victims: 2 levels, pursuant to § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims;

• Sophisticated Means: 2 levels, pursuant to § 2B1.1(b)(10)(B) and (C), because a substantial part of the offense was committed from outside the United States and the offense involved

3

sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means; and

- Identity Theft: 2 levels, pursuant to § 2B1.1(b)(11)(C)(i), because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification.

iii.   The base offense level for Count 2 is decreased by 5 levels, pursuant to the following Sentencing Guidelines sections:

- Acceptance: 3 levels, pursuant §§ 3E1.1(a) and (b), because the defendant clearly demonstrated acceptance of responsibility for his offense, the offense level determined prior to the operation of this adjustment was level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently; and

- Zero-point Offender: 2 levels, § 4C1.1(a), because the defendant meets all of the following criteria to qualify as a zero-point offender.

iv.   The United States agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States further does not object to a two-level downward variance

4

based upon factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section § 3553(a). The parties agree that no additional upward or downward enhancement, adjustments, upward or downward variances, or other Sentencing Guidelines-based departures are appropriate.

        v.     In the event that the Probation Office or the Court contemplates any Sentencing Guidelines adjustments, departures, or calculations different from those recommended or agreed upon above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

B.    <u>Criminal History Category</u>

        i.     The parties agree to recommend that the defendant is in Criminal History Category I.

C.    <u>Recommended Guidelines Range</u>

        i.     The parties agree that the Recommended Offense Level, when combined with the defendant's Criminal History Category, results in a recommended Sentencing Guidelines range of 41 to 51 months of imprisonment (the "Recommended Guidelines Range"), prior to taking into account any downward variance.

        ii.    The United States' will not be required to make any recommendation set forth above if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this Agreement; or (3) commits any misconduct after entering into this Agreement, including but not limited to committing a state or

federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees that he shall cooperate fully with the United States by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States; and (c) if requested by the United States, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes. The United States agrees that it will not require the defendant to cooperate against his co-defendant brother Emanuel Ashtor.

8. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the United States may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the

defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this Agreement requires the United States to file any such motions, and that the United States' assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the United States' filing or non-filing of a motion to reduce sentence.

9. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the United States. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by the defendant and the United States.

11. The defendant agrees, in an individual and any other capacity, to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C), to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is

derived from proceeds traceable to the offense in violation of Title 18, United States Code, Section 1349, to which the defendant is pleading guilty. In addition, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). The parties agree that the property subject to forfeiture is as follows:

      a.    A forfeiture money judgment in the sum of $89,000 in U.S. currency, which sum represents the value of proceeds derived from the commission of the offense(s) of conviction.

12. The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture

proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any forfeiture and restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this Agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this Agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

15. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United

States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney, the United States, or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal.

16. This is the entire Agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 11/06/2025        By: _____
                             SEAN PAUL CRONIN
                             ASSISTANT UNITED STATES ATTORNEY

Date: 11/06/2025        By: _____
                             GREGORY NICOSIA
                             TRIAL ATTORNEY
                             NATIONAL SECURITY SECTION

Date: 11/6/2025         By: _____
                             MARISA RAYNA TANEY
                             ASSISTANT FEDERAL PUBLIC DEFENDER
                             ATTORNEY FOR DEFENDANT

Date: 11/06/2025        By: _____
                             ERICK NTEKEREZE PRINCE
                             DEFENDANT

11